■ ROBERT V. WINSTEL, JR., et al., Plaintiffs, v ROMAR WNY PROPERTIES, LLC, Defendant/Third-Party Plaintiff-Respondent.

ROMAR MECHANICAL SERVICES, HARLEM ROAD, INC., Third-Party Defendant-Appellant. [934 NYS2d 903]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert V. Winstel, Jr. (plaintiff) when he slipped and fell on property owned by defendant/third-party plaintiff (defendant) and leased to third-party defendant, plaintiff's employer, pursuant to a commercial lease that contained an indemnification clause. Defendant thereafter commenced a third-party action seeking, inter alia, contractual indemnification. Supreme Court properly denied third-party defendant's motion seeking summary judgment dismissing the third-party complaint. Even assuming, arguendo, that defendant ultimately is held to be free from negligence, which would render the indemnification clause enforceable, we conclude that third-party defendant failed to meet its initial burden on the motion by establishing that the indemnification clause was not broad enough to encompass the attorney's fees and disbursements incurred by defendant (cf. Boshnakov v Board of Educ. of Town of Eden, 302 AD2d 857, 858-859 [2003]; see generally Boyd v Bethlehem Steel Corp., 247 AD2d 864 [1998], lv dismissed in part and denied in part 92 NY2d 885 [1998]; Blair v County of Albany, 127 AD2d 950, 951 [1987]). Present—Fahey, J.P., Peradotto, Lindley, Green and Gorski, JJ.